UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA D. BRODSKY, | Case No. 3:16-cv-00023-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| C/O V. ATWOOD et al., | |
| Defendants. | |

**I.   DISCUSSION**

Plaintiff has submitted a motion for emergency injunction and a motion to compel.[1] (ECF No. 7, 8.) Plaintiff has also submitted a motion for emergency injunction for psychological treatment (ECF No. 9), and a motion for a preliminary injunction (ECF No. 10) that serves as a supplement to his motion for emergency injunction (ECF No. 7). In his motion for emergency injunction, Plaintiff alleges that he was scheduled for an MRI, but that it was canceled because of his impending release date. (ECF No. 7 at 2.) The Court interprets Plaintiff's motion to allege that a policy exists to deny prisoners treatment if they are soon to be released.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to

---

[1] Plaintiff seeks access to all of his medical records as part of discovery for this case. (*See* ECF No. 8 at 2). As Plaintiff concedes, this motion is premature as service has not yet taken place and discovery has not yet begun; as such, the motion is denied. (*See id.* at 1.)

1

1  succeed on the merits, that he is likely to suffer irreparable harm in the absence of
2  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in
3  the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046,
4  1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison
5  Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn,"
6  must "extend no further than necessary to correct the harm," and must be "the least
7  intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

8        The Ninth Circuit has held that the denial of medical attention on the basis of an
9  administrative policy may constitute deliberate indifference. *See Colwell v. Bannister*,
10 763 F.3d 1060, 1063 (9th Cir. 2014) (holding that the blanket, categorical denial of
11 medically indicated surgery solely on the basis of an administrative policy that "one eye
12 is good enough for prison inmates" is the paradigm of deliberate indifference).

13       Plaintiff alleges that he is suffering severe blackouts, that he has lost 97% of his
14 sight and hearing on his left side, that he has white spots in front of his right eye, and
15 that Dr. Fischer recommended that he receive an MRI, and to see a neuro-
16 opthamologist. (ECF No. 7 at 2.) Additionally, Dr. Lagios wanted Plaintiff to have an MRI
17 or an EEG. (*Id.* at 2-3.) Plaintiff alleges defendants Nevada Department of Corrections
18 ("NDOC") Medical Director Romeo Aranas and Northern Nevada Correctional Center
19 ("NNCC") Warden Isidro Baca refuse to provide him with relief. (*Id.* at 3.) The Court
20 finds that, based on the facts alleged in the present motion, Plaintiff arguably states a
21 colorable claim for Eighth Amendment deliberate indifference to a serious medical need.
22 Furthermore, the Court finds that based on the nature of Plaintiff's allegations, Plaintiff
23 could likely suffer irreparable harm by not receiving an MRI or consultation with neuro-
24 opthamologist to assist in the medical diagnosis and treatment. As such, the Court
25 orders the Attorney General's Office to advise the Court within seven (7) days from the
26 date of the entry of this order whether it will enter a limited notice of appearance on
27 behalf of defendants Aranas and Baca. Additionally, based on the nature of the
28 allegations, defendants shall also have seven (7) days

from the date of this order to file their response to Plaintiff's motion for emergency injunction (ECF No. 7).[2]

In Plaintiff's motion for emergency injunction for psychological treatment, he alleges that he receives psychological treatment to help him deal with the traumatic attack that occurred one year ago. (ECF No. 9 at 1.) Plaintiff alleges that he used to have two to three one hour sessions a week, but that the number has been reduced to one session a week. (*Id.*) Plaintiff does not allege sufficient facts to gauge whether he is likely to succeed on the merits of this claim. Moreover, Plaintiff does not allege that he will suffer irreparable harm or that his suggested injunctive relief is narrowly drawn and the least intrusive means necessary to correct the harm. As such, Plaintiff's motion for emergency injunction for psychological treatment (ECF No. 9) is denied.

**II.    CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's motion to compel (ECF No. 8) is denied.

It is further ordered that Plaintiff's motion for emergency injunction for psychological treatment (ECF No. 9) is denied.

It is further ordered that the Attorney General's Office advise the Court within seven (7) days from the date of entry of this order whether it can accept service of process for defendants NDOC Medical Director Dr. Romeo Aranas and NNCC Warden Isidro Baca and enter a limited appearance. In its notice, the Attorney General's Office will advise the Court and Plaintiff of: (1) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office will file, under seal, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such

---

[2] Plaintiff has been granted time to file an amended complaint. (*See* ECF No. 5 at 14:12-14.) Due to the exigent nature of Plaintiff's request for relief, the Court shall not wait for Plaintiff's amended complaint to act on his motion for emergency injunction.

information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

It is further ordered that defendants will file a response to Plaintiff's motion for temporary restraining order/preliminary injunction (ECF No. 7) and motion for preliminary injunction (ECF No. 10) within seven (7) days of the date of entry of this order.

It is further ordered that the Clerk of the Court electronically serve a copy of this order, Plaintiff's complaint (ECF No. 6), the Court's screening order (ECF No. 5), Plaintiff's motion for emergency injunction (ECF No. 7), and Plaintiff's motion for preliminary injunction (ECF No. 10) on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

DATED THIS 20th day of July 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE