UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA D. BRODSKY,<br><br>   Plaintiff,<br>   v.<br><br>C/O V. ATWOOD et al.,<br><br>   Defendants. | Case No. 3:16-cv-00023-MMD-WGC<br><br>ORDER |

**I.  DISCUSSION**

Plaintiff has submitted a motion for emergency injunction, and two motions for preliminary injunction. (ECF Nos. 7, 10, 14.) In his motion for emergency injunction and first motion for preliminary injunction, Plaintiff alleges that he was scheduled for an MRI, but that it was canceled because of his impending release date. (ECF No. 7 at 2.) In Plaintiff's second motion for preliminary injunction, he alleges that a medical mattress and one of his medications has been taken from him. (ECF No. 14.)

The Court ordered the defendants to respond to Plaintiff's motion for emergency injunction and first motion for preliminary injunction, which it interpreted to allege that a policy exists to deny prisoners treatment if they are soon to be released. (ECF No. 11 at 1:21-22.)

The defendants filed a response to Plaintiff's motion for emergency injunction and first motion for preliminary injunction on July 27, 2016. (ECF No. 12.) Plaintiff filed his reply on August 1, 2016. (ECF No. 16.) The Court now analyzes Plaintiff's motions for injunctive relief in light of the defendants' response and Plaintiff's reply.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff alleges that he is suffering severe blackouts, that he has lost 97% of his sight and hearing on his left side, that he has white spots in front of his right eye, and that Dr. Fischer recommended that he receive an MRI. (ECF No. 7 at 2.) Additionally, Dr. Lagios wanted Plaintiff to have an MRI or an EEG. (*Id.* at 2-3.) Plaintiff alleges defendants Nevada Department of Corrections ("NDOC") medical director Romeo Aranas and Northern Nevada Correctional Center ("NNCC") Warden Isidro Baca refuse to provide him with relief. (*Id.* at 3.)

The defendants assert that Plaintiff's MRI was rescheduled after Plaintiff answered "yes" to a medical questionnaire that asked whether he had kidney problems. (ECF No. 12 at 4:12.) Following a Renal Function Panel, taken to identify the level of Plaintiff's kidney function, and which showed normal kidney function, Dr. Marks ordered additional testing for Plaintiff prior to the MRI. (*Id.* at 4:13-16.) A BUN/CR lab test has been ordered and results should be back "by the end of July." (*Id.* at 4:17.) "Upon receipt of the results, Plaintiff will be cleared to have the MRI rescheduled and performed." (*Id.* at 4:17-18) (citing Wickham Declaration as Exhibit B.)

The factual circumstances described by the defendants and their supporting affidavits suggest that there is a difference of opinion between Plaintiff and at least one of his physicians concerning his treatment. A difference of opinion between a physician

and the prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Plaintiff is therefore not entitled to a preliminary injunction due to his opinion of what treatment he should be receiving.

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. *See id.* at 1059-60. In any case, it does not appear that any difference of opinion between doctors exists. Plaintiff was required to submit to various tests before an MRI could be performed and as soon as the results from the initial testing are received, Plaintiff's MRI will be rescheduled. (ECF No. 12 at 6:14-15.) Plaintiff has continued to receive medical treatment and care, undermining the allegation that a policy exists to deny prisoners medical treatment if they are soon to be released. (*See id.* at 4.) Plaintiff concedes in his reply that he has a family history of kidney problems, but asserts that the defendants have had months to reschedule his MRI. (ECF No. 16 at 2.) Plaintiff provides no allegations disputing the assertion of defendants that he has continued to receive medical treatment and care, and does not mention the BUN/CR lab test deemed necessary by Dr. Marks. The Court finds Plaintiff is unable to establish a strong likelihood of success on the merits on his claim for preliminary injunction and, as such, Plaintiff's two motions on this matter (ECF Nos. 7, 10) are denied.

In his second motion for preliminary injunction, Plaintiff alleges that his medical mattress has been removed from his cell and that one of his medications was taken from him. (ECF No. 14 at 1-2.) Plaintiff has not sufficiently alleged irreparable harm as a result of these two deprivations. Plaintiff's allegation of "back pain" is insufficient to justify the extraordinary remedy of injunctive relief, and he actually concedes that he still has medication to control his seizures. (*See id.* at 1-2.) Further, Plaintiff alleges that a nurse was in charge of the decision to take one of his medications. (*See id.* at 2.) Plaintiff is again attempting to receive a preliminary injunction based upon a difference

of opinion between what he believes he needs and what one of the individuals responsible for his medical care believes he needs.

The defendants allege that Plaintiff has not grieved several of his claims and that he is attempting to "bypass the grievance procedure to obtain immediate relief despite the fact that there is no immediate danger." (ECF No. 12 at 6:20-22.) Preliminary injunctive relief may be awarded only on a clear showing that the Plaintiff is entitled to relief. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). Plaintiff has not made a clear showing that he is entitled to relief and his second motion for preliminary injunction (ECF No. 14) is denied.

## II.  CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's motion for emergency injunction (ECF No. 7) is denied.

It is further ordered that Plaintiff's motion for preliminary injunction (ECF No. 10) is denied.

It is further ordered that Plaintiff's motion for preliminary injunction (ECF No. 14) is denied.

DATED THIS 3rd day of August 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE